UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

UNITED STATES OF AMERICA,

        Plaintiff,

- against -

WB/STELLAR IP OWNER LLC,
INDEPENDENCE PLAZA
ASSOCIATES, LLC, INDEPENDENCE
PLAZA, L.P., and LAURENCE GLUCK,

        Defendants.

------------------------------------------------------- X

UNITED STATES OF AMERICA,

        Plaintiff,

- against -

GLENN GARDENS ASSOCIATES, L.P.,

        Defendant.

------------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

06 Civ. 7115 (SAS)

**MEMORANDUM OPINION
AND ORDER**

06 Civ. 11440 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

1

I previously granted defendants' joint motion for summary judgment.[1] The Government now moves for reconsideration on the basis that my decision is inconsistent with a controlling New York State Court of Appeals' decision. For the foregoing reasons, the Government's motion is denied.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[2] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[4]

---

[1] *See United States v. W/B Stellar IP Owner LLC*, Nos. 06 Civ. 7115, 06 Civ. 11440, 2011 WL 1842856 (S.D.N.Y. May 11, 2011).

[2] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[3] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[4] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[5] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[6] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[7] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[8] nor is it a

---

[5] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[6] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[7] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[8] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

substitute for appeal.[9]

## III. DISCUSSION

As an initial matter, the Government's motion for reconsideration is improper. The Government points to no new evidence or an intervening change in controlling law. Neither does the Government argue that reconsideration is necessary to prevent manifest injustice or clear error. Rather, the Government presents a new argument that it claims is supported by the New York Court of Appeals' decision in *KSLM-Columbus Apartments, Inc. v. New York State Division of Housing and Community Renewal*.[10] However, the Government cited that very decision in its summary judgment motion in support of an entirely different proposition.[11] Therefore, the Government was fully capable of previously advancing the argument made here and, accordingly, the motion is inappropriate.[12]

---

[9] *See Grand Crossing*, 2008 WL 4525400, at *3.

[10] 5 N.Y.3d 303 (2005). The Government also argues that the New York Court of Appeals' decision in *Federal Home Loan Mortg. Corp. v. New York State Div. of Hous. and Comm. Renewal*, 87 N.Y.2d 325 (1995), is dispositive and forecloses my decision. However, that case was addressed in my initial opinion and provides no basis for reconsideration.

[11] *See* Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment at 15 n.5.

[12] In addition, the Government improperly re-argues the proper interpretation of the language of the Rent Stabilization Law but presents no new

4

Even assuming the motion is proper – which it is not – *KSLM* does not control the outcome here. In *KSLM*, the buildings at issue were constructed in 1967 and 1968, respectively, and it was undisputed that their units were subject to rent stabilization upon withdrawal from the Mitchell-Lama program ("MLP").[13] The only issue was whether the dwelling units were rent stabilized by virtue of the Emergency Tenant Protection Act of 1974 ("ETPA") or by virtue of the Rent Stabilization Law of 1969 ("RSL").[14] The New York Court of Appeals held that because the buildings would have been subject to the RSL but for their participation in the MLP, all units that had been continuously occupied since before June 30, 1971[15] reverted to rent stabilization under the RSL. Units that had

---

evidence or case law.

[13]  *See KSLM*, 87 N.Y.3d at 308-09. The Rent Stabilization Law of 1969 applies to buildings built between February 1, 1947 and March 11, 1969. *See* NYC Admin. Code § 26-501(a)(1), (d).

[14]  *See KSLM*, 87 N.Y.3d at 308. The building owners were seeking an upward rent adjustment that was permitted only if their buildings had become subject to the RSL by virtue of the ETPA. *See id.* at 312.

[15]  On June 30, 1971, the New York State Legislature passed the Vacancy Decontrol Law, which provided for the deregulation of units regulated under the RSL that subsequently became vacant. *See* L. 1971, ch. 371. The Emergency Tenant Protection Act of 1974 recaptured such units and subjected them to rent stabilization. *See* L. 1974, ch. 576, § 4. Thus, units that were vacated subsequent to June 30, 1971 were subject to rent stabilization by virtue of the ETPA, not the RSL.

been vacated after June 30, 1971 reverted to rent stabilization by virtue of the ETPA.

The Government argues that because receipt of J-51 benefits would have triggered rent stabilization but for the buildings' participation in the MLP, the buildings were "in the rent stabilization system" when they began receiving J-51 benefits in the mid-1990's.[16] For this reason, the Government posits, under *KSLM*, the buildings should revert to rent stabilization upon withdrawal from the MLP. However, in *KSLM*, the New York Court of Appeals did not consider the complex interaction of the J-51 statutes and the rent stabilization laws. Rather, it based its decision on the straightforward conclusion that the legislature intended buildings built before March 11, 1969 to be subject to rent stabilization.[17] Thus, when the *KSLM* buildings' exemption from rent stabilization expired upon MLP withdrawal, reversion to regulation under the RSL effectuated the legislature's intent.[18] Thus, the *KSLM* decision controls buildings that would have been subject to rent stabilization based upon the date of their construction, not upon their receipt of tax

---

[16] Government's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration at 6.

[17] *See KSLM*, 87 N.Y.3d at 313.

[18] *See id.*

benefits governed by a statutory and regulatory scheme not considered by the *KSLM* court.

The *KSLM* holding does not require the defendants' units to revert to rent stabilization upon MLP withdrawal. The ETPA explicitly exempts from rent stabilization residential buildings constructed *after* January 1, 1974.[19] Likewise, the Rent Stabilization Law of 1969 only applies to buildings constructed between February 1, 1947 and March 11, 1969.[20] Glenn Gardens and Independence Plaza North were both constructed after January 1, 1974.[21] At the time of their construction, neither development would have been subject to rent stabilization if they had not been regulated pursuant to the MLP. Thus, reversion to rent stabilization here would not effectuate the legislative intent relied upon by the *KSLM* court. Accordingly, the New York Court of Appeals' reasoning in *KSLM* is not controlling.

## IV. CONCLUSION

---

[19] *See* McKinney's Uncons. Laws of N.Y. § 8625(a)(5) (providing that ETPA does not apply to "housing accommodations in buildings completed . . . on or after January first, nineteen hundred seventy-four").

[20] *See* NYC Admin. Code § 26-501(a)(1), (d).

[21] *See W/B Stellar IP Owners*, 2011 WL 1842856, at *1.

7

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The Clerk of the Court is directed to close these motions (in 06 Civ. 7115, Docket No. 80; in 06 Civ. 11440, Docket No. 75).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 28, 2011

## - Appearances -

**For the Government:**

Jeffrey Stuart Oestericher
Assistant U.S. Attorney
U.S. Attorney's Office
86 Chambers Street
3rd Floor
New York, New York 10007
(212) 637-2698

**For IPN:**

Stephen B. Meister, Esq.
Stacey M. Ashby, Esq.
Meister, Seelig & Fein LLP
2 Grand Central Tower
140 East 45th Street
19th floor
New York, New York 10017
(212) 655-3500

**For Glenn Gardens:**

Peter C. Neger, Esq.
Gillian I. Epstein, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
(212) 705-7000